PETTAY, APPELLANT, *v.* CAVIN, EXRX., APPELLEE.

(Decided May 21, 1936.)

*Mr. B. W. Rowland,* for appellant.
*Mr. Birney R. Pettay,* for appellee.

NICHOLS, J. Leonora Pettay brought her action in the Common Pleas Court of Harrison county, Ohio, against Florence Cavin as executrix of the estate of Eli L. Cavin, deceased. The petition of plaintiff contained three separate causes of action, each founded upon a promissory note which plaintiff claimed had been executed and delivered to her by Eli L. Cavin in his lifetime. The causes of action are identical in language except for the date and amount of the respective notes. The first cause of action in plaintiff's petition is as follows:

"The defendant is the duly qualified and acting executrix of the estate of Eli L. Cavin, deceased.

"Plaintiff says that on the 24th day of September, 1917, Eli L. Cavin duly executed and delivered to her

his certain promissory note for $4185 bearing interest at seven per cent per annum from date, and that said note from the time of its execution and delivery to her was kept by plaintiff in the safe of the law office of her husband, Cheever W. Pettay. That after his decease and the settlement of his estate by the administrator the possession of said safe was turned over to her and she made search for said note among her other papers in said safe but was unable to find said note, and has not since said time been able to find said note or recover possession of same.

"On the 10th day of January, 1935, plaintiff duly presented to the defendant as such executrix a written statement of her claim, and on the 9th day of April, 1935, this plaintiff received by registered mail a return of said claim with the following endorsement on the back of said claim:

" 'Claim disallowed. Florence Cavin, executrix of the estate of Eli L. Cavin, deceased.'

"Plaintiff says that there is now due her on said note, computing interest to August 1, 1929, the sum of $7657.25 which she claims with interest on said principal sum at seven per cent per annum."

The note set up in the second cause of action in plaintiff's petition is alleged to have been executed and delivered to her on the 22nd day of September, 1921, and to be in the amount of $150.

The note set up in the third cause of action in plaintiff's petition is alleged to have been executed and delivered to her on the 4th day of September, 1924, and to be in the amount of $736.

To this petition of the plaintiff the defendant, upon leave of court to "answer or plead," filed the following demurrer:

"Now comes the defendant, Florence Cavin, as executrix of the estate of Eli L. Cavin, deceased, and demurs to the petition filed herein and the inter-

rogatories thereto attached for the following reasons:

"1. The first alleged cause of action does not state a cause of action for the reason that it appears upon the face of the petition that the cause of action, if any, is barred by the statute of limitations;

"2. That all three causes of action alleged in plaintiff's petition do not state facts sufficient to constitute a cause of action."

After hearing upon this demurrer of defendant to the petition of plaintiff, the court made the following entry which appears upon the journal of said court:

"This cause heard on the defendant's demurrer. On consideration thereof the court sustains the said demurrer, to which the plaintiff excepts."

The court further granted plaintiff, leave to file amended petition within ten days, and amended petition was thereafter filed by the plaintiff. The amended petition contains three separate causes of action upon the same promissory notes set up in the original petition. The language of these causes of action is identical except for the date of the alleged execution and delivery of the respective notes and the amount thereof. We quote the language of the first cause of action in the amended petition:

"The defendant, Florence Cavin, is now and has been since the 21st day of September, 1934, the duly appointed and acting executrix of the estate of Eli L. Cavin, deceased.

"Plaintiff says that on the 24th day of September, 1917, the said Eli L. Cavin duly executed and delivered to her his certain promissory note for the principal sum of four thousand one hundred and eighty-five dollars ($4185) bearing interest at the rate of seven per cent per annum from said date as the written evidence of his indebtedness to her in the sum of $4185, which the said Eli L. Cavin promised to pay her with inter-

est at seven per cent per annum from said date, September 24, 1917.

"Plaintiff further says that no payment has been made to her on said indebtedness evidenced by said note, and that at the time of the decease of said Eli L. Cavin there was then due and unpaid to her from the said Eli L. Cavin the said principal sum of $4185, which plaintiff claims is now due her with interest as aforesaid from said date, September 24, 1917.

"Plaintiff says that said note from the time of its execution and delivery to her was kept by her in the safe of the law office of her husband, Cheever W. Pettay, until the time of his decease; that after his decease the said maker of said note, Eli L. Cavin, was on date of September 27, 1928, duly appointed administrator of her said husband's estate, and that he at said time took over full and complete possession of said safe and its contents; that afterwards the said safe and part of its contents was by said administrator turned over to her, but that said note was not among the papers returned and was not at any time returned to her by said administrator; that she made search for said note among the papers in said safe after it was returned to her, but was unable to find said note or recover possession of the same; that she does not have at this time, nor has not had at any time since the appointment of the maker of said note as administrator of her deceased husband's estate, the possession of said note and for said reason is unable to attach hereto copy of note.

"Plaintiff further says that after the death of the maker of said note the defendant was appointed executrix of his said estate; that this plaintiff believes that the defendant has some knowledge of what became of said note, or has in her possession papers or records belonging to said estate that will enable plaintiff to recover possession of said note; that in-

terrogatories to be answered by the defendant as provided by law are hereto attached to this amended petition, marked Exhibit A, which plaintiff is entitled to have answered by defendant as provided by law.

"On the 10th day of January, 1935, plaintiff duly presented to the defendant as such executrix a written statement of her said claim, and on the 9th day of April, 1935, this plaintiff received by registered mail a return of said claim from defendant's attorney, Birney R. Pettay, with the following endorsement on the back of said claim:

" 'Claim disallowed. Florence Cavin, executrix of the estate of Eli L. Cavin, deceased.'

"Plaintiff says that there is now due her on said note, computing interest to August 1, 1929, the sum of $7657.25 which she claims with interest on said principal sum, $4185, at seven per cent per annum from said August 1, 1929."

To this amended petition of plaintiff the defendant filed a demurrer in identical language with the demurrer filed to the original petition. After hearing on this demurrer to the amended petition the court made the following order as appears upon the journal of said court:

"Demurrer to amended petition submitted upon brief and argument of counsel.

"Upon consideration the court refuses to pass upon demurrer because presenting same question heretofore presented by former demurrer to another judge of this court. Written opinion filed.

"Continued for further proceedings."

Thereafter the defendant filed the following motion in the Common Pleas Court:

"Now comes the defendant, Florence Cavin, as executrix of the estate of Eli L. Cavin, deceased, and moves the court for an order striking the amended petition from the files upon the ground that the peti-

tion, as amended, contains no additional facts from the original petition to which a demurrer upon the part of the defendant has been sustained, and that the action herein be dismissed and that final judgment be rendered for the defendant.''

Upon hearing of this last quoted motion the Common Pleas Court made the following entry as shown upon the docket of said court:

''This cause coming on to be heard upon motion of defendant to strike amended petition from the files and dismiss case.

''Motion allowed.

''Plaintiff not desiring to plead further, plaintiff's petition dismissed and judgment rendered in favor of defendant.

''Plaintiff's costs.

''Exceptions to plaintiff.''

From this finding of the Common Pleas Court dismissing plaintiff's petition and rendering judgment in favor of the defendant, an appeal upon questions of law has been duly perfected in this court.

It will be noted that the Common Pleas Court refused to pass upon the demurrer filed to plaintiff's petition, but we are clearly of the opinion that when the Common Pleas Court sustained defendant's motion to dismiss plaintiff's petition and render final judgment in favor of the defendant, this was equivalent to the sustaining of the demurrer to the amended petition and was a final order preventing a judgment in favor of plaintiff from which the appeal to this court on questions of law was properly perfected.

A careful examination of the amended petition discloses one material difference therein. The original petition alleged no consideration for the notes sued upon; the amended petition alleged consideration for the execution and delivery of the notes. The authorities have not been in accord as to the necessity for an

allegation of consideration for a promissory note where the petition does not show that the note is negotiable. Under the negotiable instrument law it is clear that if the notes sued upon were negotiable, consideration therefor is presumed and would not need to be plead, and it is likewise considered by many authorities that consideration need not be alleged although the note is not negotiable.

The Common Pleas Court, in passing upon the demurrer to the original petition, gave no reason for sustaining the demurrer. It may well be that the plaintiff, in filing the amended petition, desired to obviate any question upon the matter of the necessity of alleging consideration for the notes. At any rate, the Common Pleas Court granted leave to plaintiff to file the amended petition, and there are additional allegations in the amended petition. As stated above, we think the action of the Common Pleas Court in sustaining the motion to dismiss this amended petition was equivalent to sustaining a demurrer thereto. It is, therefore, necessary for us to consider whether a demurrer may properly be sustained to the amended petition.

Section 11309, General Code, provides:

"The defendant may demur to the petition *only when it appears on its face either*: * * *

"9. That the action was not brought within the time limited for the commencement of such action; or

"10. That the petition does not state facts which show a cause of action." (Italics ours.)

An examination of the first cause of action in plaintiff's petition will disclose that there is no allegation therein stating the date at which the maker of the note was to pay the same. It does not appear upon the face of this first cause of action that the cause of action arose more than fifteen years before the commencement of this action.

Reference to Section 11221, General Code, the statute of limitation applicable to this case, discloses that an action upon a promissory note shall be brought within fifteen years after the cause thereof accrues. The cause of action upon a promissory note can, in no event, accrue before the date upon which the sum of money is due to be paid. Therefore, as stated above, nothing is alleged in the first cause of action of the amended petition as to when the note set up therein was due. In this situation a demurrer will not lie to the first cause of action. A motion to make definite and certain is proper. The demurrer to the first cause of action could not properly be sustained upon the ground that the cause of action was barred by the statute of limitations since it did not so appear upon the face of the petition.

But let us assume that the Common Pleas Court sustained the demurrer to this petition upon the ground that the facts stated therein were not sufficient to constitute a cause of action against the defendant. It is claimed by counsel for appellee, in brief and oral argument, that neither the petition nor the amended petition states facts sufficient to constitute a cause of action. With this contention we can not agree. We must first keep in mind Section 11345, General Code, which provides:

"The allegations of a pleading shall be liberally construed, with a view to substantial justice between the parties."

From Volume 31, Ohio Jurisprudence, 583, Section 49, we quote:

"Liberal construction; construction for or against pleader.—The maxim of the common law that pleadings were to be taken *fortius contra proferentem*— construed most strongly against the pleader—is completely abrogated in Ohio, by the code provision 'that the allegations of a pleading shall be liberally con-

strued, with a view to substantial justice between the parties'; in accordance with which the courts in many cases have repeatedly declared that they must construe pleadings liberally in favor of the pleader with a view to accomplish substantial justice, in order to promote and facilitate the statement of a cause of action or defense. Thus, if a pleading is equally susceptible of different constructions, the one most favorable to the pleader will be adopted; especially if by such construction a lawful contract is presented, when, by any other construction, an unlawful one must appear. The court is required to give a pleading a liberal construction to assist parties in obtaining justice, especially where a party 'pleads over' without demurring. And this rule must ordinarily prevail in the absence of a motion to make the pleading more definite and certain."

Section 11333, General Code, provides:

"When the action, * * * is founded on * * * a written instrument as evidence of indebtedness, a copy thereof must be attached to and filed with the pleading. If not so attached and filed, the reason for the omission must be stated in the pleading."

The pleading demurred to in this case does not have filed therewith or attached thereto a copy of the notes but the reason for such omission is plainly stated therein. The action is upon lost instruments.

After very thorough consideration of the allegations of the amended petition, we are clearly of the opinion that each cause of action, construed in accordance with the provisions of Section 11345, General Code, states a good cause of action against the defendant. There is no attempt to plead under the short form provided for in Section 11334, General Code. Counsel for appellee does not indicate, and we are unable to ascertain, what additional allegations could have been incorporated in plaintiff's petition in order to

properly set up causes of action upon the respective notes. True, the defendant might properly have moved to make the petition definite and certain by alleging the due date of each of the notes in question, but no such motion was filed.

The statute of limitations is defensive and waived unless plead. It is unnecessary at this time for this court to pass upon the question as to whether the statute of limitations was waived in this case. We are clear upon the proposition that the Common Pleas Court erred in dismissing plaintiff's petition and rendering judgment for the defendant, and it appearing that substantial justice has not been done the judgment of the Common Pleas Court is reversed and this cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

CARTER and ROBERTS, JJ., concur.